IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL D. SUFFECOOL, | ) | CASE NO. 5:09 CV 2846 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule.  The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Paul D. Suffecool's application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.  For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

**I. INTRODUCTION and PROCEDURAL HISTORY**

On April 24, 2006, Plaintiff filed an application for Supplemental Security Income, alleging a disability onset date of February 6, 2006, due to a ruptured disc in his neck area, a herniated disc and diabetes (Tr. 122, 133).  Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 39, 40).  Plaintiff requested a hearing and, on April 16, 2009, he appeared with counsel and testified before Administrative Law Judge John McNamee-Alemany (the "ALJ") (Tr. 22).  Vocational Expert Thomas F. Nimberger (the "VE") also

appeared and testified at the hearing (Tr. 32). The ALJ issued a written decision on November 10, 2009 in which he found at Step Five of the five-step sequential evaluation[1] that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work existing in significant numbers in the national economy and, therefore, was not disabled (Tr. 5-21). Plaintiff requested review from the Appeals Council, but it denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner (Tr. 1-4). On appeal, Plaintiff claims that the ALJ's decision is not supported by substantial evidence.

Born on February 14, 1962, Plaintiff was 47 years old at the time of the ALJ's determination and a "younger individual" for purposes of the Social Security regulations (Tr.

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. § 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5) Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

137). *See* 20 C.F.R. § 416.963. Plaintiff completed the ninth grade (Id.). He has no past relevant work.

## II. DISABILITY STANDARD

A claimant is entitled to receive Supplemental Security Income only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. § 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. § 416.905.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 Fed. Appx. 361, 362 (6th Cir. June 15, 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite

conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV. ANALYSIS

**A.     Whether the ALJ Erred in Finding that Plaintiff Does Not Meet the Requirements of Listing 9.08A (Diabetes Mellitus with Neuropathy)**

Plaintiff first argues that the ALJ erred by failing to find that he meets Listing 9.08A. The burden of proof for establishing that an impairment meets or equals the requirements of a listed impairment rests with the claimant. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet a listed impairment, a claimant must satisfy all of the criteria in the listing. *See Roby v. Comm'r of Soc.* Sec., 48 Fed. Appx. 532, 536 (6th Cir. 2002) (citing *Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)). To meet the listing for diabetes mellitus with neuropathy, located at 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 9.08A, a claimant must establish:

> A.     Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dextrous movements, or gait and station (see, 11.00C).

11.00C provides:

> C.     Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (and or all of which may be due to cerebral, cerebellar, brain

> stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole of practical basis for a decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 11.00C.

In support of his claim that he meets Listing 9.08, Plaintiff first points to Dr. Dunham's July 21, 2006 consultative evaluation. During the examination, Dr. Dunham noted that Plaintiff did not exhibit any painful behaviors or distress (Tr. 199). He also noted that Plaintiff reported being off his medication for fifteen months due to lack of funds but apparently still smoked half a pack of cigarettes per day (Id.). Plaintiff reported numbness and tinging in his arms, hands, shoulders, back, legs and toes (Tr. 200). On examination, Plaintiff could stand on his toes and heels without difficulty but could not balance on one foot (Id.). He also could not discriminate light touch in either the lower and upper extremities or between sharp and dull touch to the knees on either leg or his right elbow (Id.). Testing revealed that Plaintiff had normal muscle strength and range of motion throughout, except for some restricted range of motion in the right shoulder (Tr. 203-05). Dr. Dunham further found no restriction in Plaintiff's ability to pick up, manipulate and hold small objects (Tr. 203). Dr. Dunham diagnosed Plaintiff with diabetes mellitus uncontrolled with neuropathy and a ruptured cervical disc (Tr. 200). He opined that Plaintiff's abilities to sit or stand for one to two hours; walk two to three blocks; lift ten pounds; and handle were "becoming significantly impaired" (Id.). Dr. Dunham also opined that Plaintiff's ability to engage in activities that required "strength and endurance" or repetitive squatting, bending, and stooping" was significantly impaired (Id.).

Plaintiff next points to his testimony at the hearing, which took place approximately three years after Dr. Dunham's evaluation. At the hearing, Plaintiff acknowledged that he walked in without crutches or a cane (Tr. 27). He explained that he was supposed to be using a walker, but his doctor told him he would be okay if he did not walk on his heel (Id.). Plaintiff testified that he experiences neck and shoulder pain, as well as tingling and numbness in his arms and legs, with his right arm being the worst (Id.). He further testified that he can stand for about two to three hours, walk about 20-25 minutes before his legs get really numb, and that he "sometimes, not always," has problems with bending, crouching and kneeling (Tr. 28). Plaintiff also testified that he cannot grip objects securely or pick up small objects (Tr. 27-30).

Finally, Plaintiff points to his clinical examination at Aultman Hospital on December 10, 2008, when he reported to the emergency room after a blister on his right heel burst and became irritated (Tr. 249). The examination revealed that Plaintiff had reduced sensation in his feet bilaterally (Id.). Plaintiff denied alcohol or tobacco use at that time, but he also reported being non-compliant with his diabetes treatment for the past three months due to financial constraints (Id.).

Plaintiff argues that Dr. Dunham's findings and opinions, when viewed in combination with his testimony and the Aultman Hospital records from December 10, 2008, clearly establish that his neuropathy is significant, has progressed consistently throughout the record, and that he meets Listing 9.08. The court finds, however, that the ALJ did not err in finding that Plaintiff's condition does not satisfy the requirements of Listing 9.08A. As set forth above, to meet the Listing, a claimant must establish "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities *resulting in sustained disturbance of gross*

*and dextrous movements, or gait and station.*" 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 9.08A (emphasis added). The Listing further provides that "[t]he assessment of impairment *depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms*." 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 11.00C (emphasis added). It is undisputed that Plaintiff has diabetic neuropathy. However, the court cannot say that the record definitively establishes that Plaintiff's neuropathy has resulted in disorganization or deficits in motor function that are sufficiently severe to meet the necessary level of impairment. Significantly, no medical source has opined that Plaintiff meets the requirements of the Listing, and Dr. Dunham's testing revealed normal muscle strength and range of motion, except for some restricted range of motion in Plaintiff's right shoulder, as well as an unrestricted ability to pick up, manipulate and hold small objects (Tr. 203-05). The state agency physicians also did not find any manipulative restrictions, and they determined that Plaintiff could walk up to two hours in an eight-hour workday (Tr. 209-12, 219). Although the record reflects that Plaintiff experiences symptoms related to his diabetic neuropathy and has a reduced range of motion in his shoulder, Plaintiff apparently still is able to engage in activities such as riding a bicycle and helping a friend pull vines (Tr. 243, 245). Based on the above, the court concludes that substantial evidence supports the ALJ's determination that Plaintiff does not meet Listing 9.08A.

**B.    Whether Substantial Evidence Supports the ALJ's RFC Determination**

Plaintiff also argues that the ALJ erred in his determination of Plaintiff's RFC. In this case, the ALJ determined based on his review of the evidence that Plaintiff retained the capacity to perform light work with the following additional restrictions: able to walk and/or stand for 1 hour uninterrupted for a total of 4 hours per day; able to sit for a total of 6 hours in an 8 hour

workday; requires a sit-stand option every hour without leaving the workstation; able to occasionally climb ramps and stairs; can never climb ladders or scaffolds; able to frequently balance and stoop; able to occasionally kneel and crouch; never able to crawl; must avoid all exposure to unprotected heights or close proximity to dangerous, moving machinery; unable to work on assembly lines, putting together parts that are smaller than a dime; and unable to use hot instruments (Tr. 11-12).  Based on the VE's testimony in response to a hypothetical matching this RFC, the ALJ then concluded that Plaintiff was able to perform jobs existing in significant numbers in the national economy and, therefore, was not disabled.

In support of his argument that the ALJ's RFC determination was unreasonable, Plaintiff first claims that the ALJ erroneously rejected Dr. Dunham's opinion, which reflects that Plaintiff is incapable of performing even a reduced range of sedentary work.  As noted above, Dr. Dunham performed a one-time consultative examination of Plaintiff in July 2006 and opined that Plaintiff's abilities to sit or stand for one to two hours; walk two to three blocks; lift ten pounds; and handle were "becoming significantly impaired," and that Plaintiff's ability to engage in activities that required "strength and endurance" or repetitive squatting, bending, and stooping" also was significantly impaired (Tr. 200).

An ALJ must consider and evaluate all the medical opinions in accordance with the regulations, regardless of their source. *Walton v. Comm'r of Soc. Sec.*, 187 F.3d 639 (Table), 1999 WL 506979 (6th Cir. Jun. 7, 1999); 20 C.F.R. § 416.927(d).  However, the opinion of a one-time examining physician is not necessarily entitled to any special deference.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (finding that the report of a one-time examining physician was not entitled to any "special degree of deference").  Additionally, the requirement

that an ALJ give "good reasons" for rejecting the opinion of a treating physician does not apply to a one-time examining physician. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876-77 (6th Cir. 2007); *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507 (6th Cir. 2006). The ALJ, rather than any physician – whether treating or examining – has the final responsibility for determining a claimant's RFC based on the evidence as a whole. 20 C.F.R. §§ 416.946(c); 416.927(e)(2); *see also Price v. Comm'r of Soc. Sec.*, 113 F.3d 1235 (Table), 1997 WL 210805 at *2 (6 th Cir. Apr. 25, 1997) (citing *Houston v. Sec. of Health and Hum. Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

In this case, the ALJ did not specifically mention Dr. Dunham's opinions regarding Plaintiff's abilities to sit, stand, walk, lift, handle, engage in activities that required "strength and endurance," or repetitively squat, bend, and stoop. However, the ALJ did discuss Dr. Dunham's report and stated that he gave Dr. Dunham "probative weight" as an examining physician (Tr. 14-15). Although it is clear from the ALJ's RFC determination that he did not give weight to each and every one of Dr. Dunham's opinions, for the reasons stated above, those opinions were not entitled to any special level of deference, and the ALJ was charged with formulating Plaintiff's RFC based on all the evidence, both medical and non-medical. In determining Plaintiff's RFC the ALJ discussed all the medical evidence in a fairly thorough manner as well as Plaintiff's statements regarding his symptoms and his inconsistent compliance with his treatment. Based on the above, the court concludes that the ALJ did not err by not deferring to Dr. Dunham's statements in determining Plaintiff's RFC.

Plaintiff next claims that the ALJ erroneously failed to include in his hypothetical to the VE and subsequent RFC determination a limitation for only occasional reaching, handling, and

fingering bilaterally.  In support of this argument, Plaintiff again points to Dr. Dunham's report, which, according to Plaintiff, "provided objective clinical evidence that Mr. Suffecool has sensory disturbance in both his upper extremities."  (Doc. 15, at 11).  However, the ALJ acknowledged that Plaintiff suffers from some pain and sensory issues in his extremities, *see* tr. 16, and sensory issues alone would not necessarily compel the ALJ to find any particular limitation as to reaching, handling and fingering.  As Defendant notes, Dr. Dunham's clinical findings in fact reflected that Plaintiff had normal muscle strength and range of motion throughout, except for some restricted range of motion in the right shoulder, and that Plaintiff had no restriction in his ability to pick up, manipulate and hold small objects (Tr. 203-05).  Thus, despite Plaintiff's complaints to the contrary, it is not entirely clear that Dr. Dunham's clinical findings demonstrate Plaintiff's alleged need for an occasional reaching, handling and fingering limitation bilaterally. The state agency physicians also did not find any manipulative restrictions (Tr. 209-12, 219).    Finally, the court notes that although the ALJ did not accept Plaintiff's proffered limitation, he did accommodate Plaintiff's complaints with respect to these issues to a certain degree; that is, the ALJ found that Plaintiff could do no work on assembly lines putting together small parts and that Plaintiff would not be able to use hot instruments, for instance, for soldering together electric parts (Tr. 12).  For the reasons articulated above, the court finds that the ALJ was well within his "zone of choice" in determining Plaintiff's RFC as he did, and that substantial evidence supports his decision not to include a limitation for occasional reaching, handling and fingering bilaterally.  *See e.g., Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

## V. **DECISION**

For the foregoing reasons, the Court finds that the decision of the Commissioner is supported by substantial evidence. Accordingly, the Court AFFIRMS the decision of the Commissioner.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: August 16, 2010.